# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**MARCUS ALLEN, Reg. # 28545-009**                                        **PETITIONER**

**V.**                              **NO. 2:22-CV-00183-KGB-ERE**

**UNITED STATES OF AMERICA**[1]                                           **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. If no objections are filed, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.    Summary**

Petitioner Marcus Allen's § 2241 habeas petition should be dismissed, without prejudice, for lack of jurisdiction.

---

[1] Because Mr. Allen is incarcerated at FCI – Forrest City, Arkansas, the proper Respondent is "John P. Yates, Warden, FCI – Forrest City, Arkansas." *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

Accordingly, the Clerk of the Court is directed to change Respondent to "John P. Yates, Warden, FCI – Forrest City, Arkansas."

1

## II.    Background

On November 19, 2014, a jury in the Eastern District of Arkansas found Mr. Allen guilty of: (1) being a felon in possession of a firearm; (2) possession with intent to distribute a controlled substance; and (3) possession of a firearm in furtherance of a drug trafficking offense. *United States v. Allen*, No. 4:14-CR-00057-KGB (E.D. Ark.) ("*Allen I*"), *Doc. 100, 101, 102*. On June 22, 2015, he was sentenced to 360 months in prison. *Id. at Doc. 180.* The Court of Appeals for the Eighth Circuit affirmed the judgment on July 12, 2016. *Id. at Doc. 212.* Since then, Mr. Allen has been on a motion-filing blitzkrieg. *Id. at Docs. 176, 184, 207, 216-219, 221, 224, 225, 227-235, 237, 238.*

On June 6, 2017, Mr. Allen filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Id. at Doc. 236.* The motion asserted claims of: (1) denial of the right to a fair trial due to the government's alleged failure to disclose a transcript of an interview with a witness; (2) prosecutorial misconduct; and (3) bad faith failure to disclose an interview transcript. The court denied the petition. *Id. at Doc. 239*. On December 20, 2017, the Eighth Circuit affirmed the denial of Mr. Allen's § 2255 petition. *Id. at Doc. 253.*

From July 2019 until April 2020, Mr. Allen filed eleven more motions that raised challenges to his conviction. *Id. at Doc. 258, 260-270*. He titled several "Rule 60 motions" and made allegations of racial discrimination, prosecutorial misconduct,

and a failure to disclose a report because he was *pro se*. The motions were dismissed as successive § 2255 petitions. *Id. at Doc. 272*.

From February 2019 through November 2021, Mr. Allen sought leave four times to file successive habeas petitions. *Allen v. United States*, Nos. 19-1333, 20-3200, 21-1726, and 21-3538. The Eighth Circuit denied all four requests.

In motions filed from September 2020 through October 2021, Mr. Allen alleged prosecutorial misconduct and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Docs. 276-290*. Again, the challenges were dismissed as a successive § 2255 petition. *Allen I at Doc. 291*. The Eighth Circuit denied Mr. Allen's appeal without comment. *Id. at Doc. 297*.

On October 3, 2022, Mr. Allen filed the § 2241 petition now pending before the Court. *Doc. 1*. As in his previous § 2255 petitions, Mr. Allen alleges discrimination, prosecutorial misconduct, and a *Brady* violation. *Id. at 6.* He also asserts that a § 2255 petition was "ineffective" because he "did not have the evidence to prove prosecutorial misconduct at the time of his [first] § 2255 petition" since this "newly discovered evidence" did not "come to light until 2019." *Id. at 4.*

### III.   Discussion

District courts are required to conduct an initial review of § 2241 habeas Petitions to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing §

3

2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. In assessing a petition, a court "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir.1999)). As part of this initial review, courts must also evaluate whether they have subject matter jurisdiction. See *Northport Health Servs. v. Rutherford, 605 F.3d 483, 490* (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction sua sponte").

Mr. Allen asserts that his § 2241 petition is proper because new evidence, discovered in 2019, came too late to be included in his § 2255 petition. Since he originally attempted to pursue these claims through a § 2255 petition, Mr. Allen knows that "[a] challenge to a federal conviction, like this one, is most appropriately brought as a motion under 18 U.S.C. § 2255." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Attempting to avoid the previous dismissals by the Eighth Circuit, Mr. Allen filed this § 2241 petition, relying on the § 2255 "saving clause."[2]

"Under the saving clause, an inmate may file a habeas petition if he shows that 'the remedy by [§ 2255] motion is inadequate or ineffective to test the legality

---

[2] See *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021) (referencing Garner's Dictionary of Legal Usage 797 (3d ed. 2011) (noting that "saving" clause is better than "savings" clause)). This section also has been referred to as the § 2255 "safety valve." See *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061–62 (8th Cir. 2002).

4

of his detention.' If he fails to carry this burden, a court must dismiss his habeas petition for lack of subject-matter jurisdiction." *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021) (quoting 18 U.S.C. § 2255(e)). A "§ 2255 motion is not 'inadequate or ineffective' merely because: (1) § 2255 relief has already been denied, (2) [the] petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) [the] petitioner has allowed the one year statute of limitations and/or grace period to expire." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (cleaned up).

Mr. Allen's § 2241 petition raises the same claims that he raised in earlier petitions as well as motions for leave to file successive petitions. This § 2241 petition is simply an attempted end-run around the Eighth Circuit's repeated denials of Mr. Allen's requests to file successive § 2255 petitions.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Allen's 28 U.S.C. § 2241 petition for a writ of habeas corpus, *Doc. 1*, be DISMISSED for lack of jurisdiction.

2. A Certificate of Appealability be DENIED. See 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 7th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE